# CSM Legal, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

April 26, 2023

**VIA ECF**  
Honorable Judge Andrew L. Carter Jr.  
United States District Court  
Southern District of New York  
40 Foley Square Courtroom 1306  
New York, NY 10007

      Re:  Rosario Sanchez, et al v. Rolling Rock Contracting, Inc., et al  
           1:22-cv-06519-ALC

Dear Judge Carter:

    This office represents the Plaintiff in the above referenced matter. Plaintiff writes, jointly with Defendants as to Section I below, to submit this letter setting forth our views on why the Court should approve the agreed-upon settlement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).  The parties have agreed to a negotiated settlement agreement ("the Agreement") after extensive settlement discussions.  A Countersigned copy of the Agreement is attached hereto as **Exhibit A**.

    Plaintiff alleges that he was employed by Defendants.  Plaintiff brought this suit alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), violations of the New York Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL").  Plaintiff alleges that Defendants engaged in numerous violations of the FLSA and NYLL, including failure to pay appropriate minimum and overtime wages and failure to provide statutorily-required wage statements and wage notices.  Defendants have denied these allegations.

    **I.**    **The Proposed Settlement is Fair and Reasonable**

    Under the Agreement, Defendants will pay Twenty-One Thousand Dollars and Zero Cents ($21,000.00) to settle all claims. This settlement amount will be paid in thirteen (13) installments.  The installments will begin being paid within 30 days of the Court's approval of the Agreement.  The installments shall consist of thirteen (13) checks, made payable to "CSM Legal, P.C.".

    The parties participated in settlement discussions outside the mediation process, and were successfully able to come to an agreement.  The Plaintiff agreed to the current settlement amount because he wished to be compensated in part for what he believed he is owed and he does not wish to drag out the litigation process any further, benefitting all parties.

    Plaintiff alleged that the Defendants engaged in a variety of FLSA and NYLL violations, including failure to pay appropriate minimum wage and overtime, as well as notice and

recordkeeping violations. In determining Plaintiff's damages, Plaintiff conveyed what he believed his hours and wages were when he was employed by Defendants. Plaintiff's counsel then created the damages chart to reflect the information conveyed by Plaintiff. Plaintiff alleges that he is entitled to back wages from Defendants in the amount of approximately Thirty Thousand Five Hundred Seventy-Eight Dollars and Eighteen Cents ($30,578.18). Plaintiff estimated that if he had recovered in full for his claims, exclusive of attorney's fees, he would be entitled to approximately Eighty-One Thousand Three Hundred Twenty-Seven Dollars and Twenty-Six Cents ($81,327.26). A copy of Plaintiff's damages chart, breaking down each amount sought from Defendants, is attached hereto as **Exhibit B**. However, this calculation of damages was disputed by Defendants and was determined to be possibly flawed following discussions with the Defendants. Specifically, Defendants contested Plaintiff's allegations regarding the number of hours worked and wages paid. A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

As such, Plaintiff believes the settlement is reasonable, both due to the challenges of prevailing on the merits and because of the risk that Plaintiff may not be able to collect a post-trial judgment. "Case law recognizes that potential difficulty in collecting damages militates in favor of finding a settlement reasonable." *Lliguichuzhca v. Cinema 60, LLC*, 948 F Supp 2d 362, 364 (SDNY 2013).

Considering the risks in this case outlined above, the parties believe that this settlement is fair and should be approved. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

## II. Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement agreement, Plaintiff's counsel will receive Eight Thousand Eight Hundred Seventeen Dollars and Thirty-Three Cents ($8,817.33) from the settlement fund as attorneys' fees and costs. This represents remuneration of the filing fee incurred in filing of the Complaint, and service of process performed on the Defendants, plus one third of the remainder of the recovery in this litigation. The lodestar amount, as reflected on the invoice attached hereto as **Exhibit C**, is $3,156.75.00, including $482.00 in costs.

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC*, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov.

19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. City. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

Below is a brief biography of individuals who performed billed work on behalf of Plaintiff in this matter, including the effective billable rate which the parties' request that the Court apply should the Court undertake a "lodestar analysis of the fairness of such fees (*see*, e.g, *Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany*, 493 F. 3d 110 (2d Cir. 2007):

   i.   I, Jarret Bodo ("JTB"), graduated with a J.D. from the Maurice A. Deane School of Law at Hofstra University in 2020 and was admitted to the New York State Bar in 2021. Prior to joining CSM Legal, P.C., I worked on personal injury and mass torts cases at Meirowitz & Wasserberg, LLP. My work is billed at a rate of $350 per hour.

   ii.  Catalina Sojo ("CS"), is the Managing Member of CSM Legal, P.C., formerly Michael Faillace & Associates. She graduated with a J.D. equivalent degree from Pontificia Universidad Javeriana in Bogota, Colombia, in 2017. She received a Master of Laws degree (LL.M.) from Cornell University School of Law in 2019. Prior to joining Michael Faillace & Associates in June 2020, she focused her practice in intellectual property litigation and enforcement, having worked as an associate at Baker McKenzie and as in-house counsel at ViacomCBS. Her work is billed at a rate of $350 per hour.

   iii. Jasmine Hernandez ("PL") is a paralegal at CSM Legal, P.C., formerly Michael Faillace & Associates, P.C. She graduated from City University of New York Hunter College in May 2018 with a dual Bachelor of Arts in Anthropology and Political Science and joined the firm of Michael Faillace & Associates in April 2019. Ms. Hernandez's work is billed at a rate of $125 per hour, well within a range of rates for paralegal work that courts have routinely approved. See, e.g., Manley, supra, Doc. No. 42, at *37; *Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d 5, 29 (S.D.N.Y. 2015).

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

    Respectfully submitted,

    /s/ Jarret T. Bodo
    Jarret T. Bodo, Esq
    CSM Legal, P.C.
    *Attorneys for the Plaintiffs*