USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 5/25/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROSARIO SANCHEZ ET AL.,

                **Plaintiffs,**

-against-

ROLLING ROCK CONTRACTING INC. ET AL.,

                **Defendants.**

22-cv-06519 (ALC)

<u>ORDER</u>

---

**ANDREW L. CARTER, JR., United States District Judge:**

    The Court is in receipt of the Parties' settlement agreement. ECF No. 21. Plaintiff submitted a letter with supporting documentation arguing that the proposed settlement is fair and reasonable and otherwise does not implicate any of the concerns cited by the Second Circuit Court of Appeals in C*heeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

    Upon review, the Court has concerns about the settlement agreement and the Plaintiff's request for attorney's fees.

    First, the Settlement Agreement contains a confidentiality provision that seeks to prohibit Plaintiff from disclosing any information about the Agreement to anyone—except as compelled by law. Settlement Agreement, ECF No. 21-1 at § 4 ("Plaintiff agrees that he will not in any manner publicize the terms of this Settlement Agreement, which includes notifying any member of the media . . . and posting or disseminating the terms . . . on any social media . . . such prohibition extends to dissemination of any information, whether oral, electronic, or in any document form . . . . Dissemination . . . shall be limited to filing documents with the Court . . . as may be required by law or governmental agency [] or pursuant to subpoena or court order . . . . Plaintiff may state that the matter has been settled to the satisfaction of the Parties."). "This type of confidentiality provision in a FLSA settlement is firmly against public policy and courts in this Circuit have

consistently held as much." *Baikin v. Leader Sheet Metal, Inc.*, No. 16 CIV. 8194 (ER), 2017 WL 1025991, at *1 (S.D.N.Y. Mar. 13, 2017); *see also Cheeks*, 796 F.3d at 206-07; *Martinez v. Gulluoglu LLC*, No. 15 CIV. 2727 (PAE), 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016); *Soma v. 65 St. Marks Bistro*, No. 15 Civ. 327 (JLC), 2015 WL 7271747, at *4 (S.D.N. Y Nov. 6, 2015) (collecting cases). The Court will not approve a settlement with such a confidentiality provision.

Second, the Court is concerned with Plaintiff's request for attorney's fees. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012) ("Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award.") Plaintiff's counsel has requested an award of $8,817.33 in attorney's fees and costs to be deducted from the settlement fund.[1] ECF No. 21 at 2. This total award amounts to approximately 42 percent of the total settlement fund of $21,000.00. Plaintiff goes on to explain that the lodestar amount is $3,156.75, which includes $482.00 in costs.[2] *Id*. Therefore, the Court presumes that Plaintiff's counsel requests $8,335.33 in fees and $482.00 in costs for a total award of $8,817.33 as explained previously. Based on this calculation, the attorney's fees would amount to more than 39 percent of the overall settlement fund.

---

[1] Plaintiff's counsel explains that this represents the filing fee, the service fee, plus one third of the remainder of the recovery in this litigation. ECF No. 21 at 2. This implies that the fees requested by Plaintiff's counsel should equal one-third of $ 20,518.00 ($21,000 - $482 = 20,518). However, it appears that counsel requests $8,335.33 in fees. This is *not* one-third of the "remainder of the recovery in this litigation"—it is over 40 percent of the remainder of the recovery and over 39 percent of the total settlement fund. In any event, the Court will look to the percentage of the total settlement fund and not the total settlement fund minus the amount of costs when awarding attorney's fees.

[2] The Court notes that Plaintiff's counsel does not include a subtotal sum of the hours worked on this case. Based on Plaintiff's explanation, the lodestar amount, excluding costs, is actually $2,674.75 ($3,156.75 - $482.00 = 2,674.75). Additionally, Plaintiff does not include any discussion of the lodestar multiplier as a means of cross-checking the requested fee. *See Tung v. Jade Spoon Asian Cuisine Inc.*, No. 21 CIV. 10651 (AEK), 2022 WL 1315612, at *5 (S.D.N.Y. May 3, 2022) (approving a settlement where the total fees sought by counsel represent a lodestar multiplier of approximately 1.34, which is fair and reasonable for straightforward FLSA litigation that is neither large nor complex.).

In light of this, the Court is not prepared to approve this fee award at this time. *See Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*, No. 13 CIV. 6667 PAE, 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015) ("Except in extraordinary cases, courts in this District have declined to award fees representing more than one-third of the total settlement amount."); *see also Santos v. YMY Mgmt., Corp.*, No. 20-cv-1992 (JPC), 2021 WL 431451, at *2 (S.D.N.Y. Feb. 8, 2021) ("Courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases.").

The parties are directed to revise the settlement agreement accordingly and resubmit for reconsideration on or before **June 5, 2023**. Additionally, Plaintiff's counsel is directed to submit a more fulsome explanation for the basis of the fee award. Plaintiff should include a discussion of the lodestar method and multiplier so that the Court can more easily "cross check to ensure the reasonableness of attorneys' fees." *Santos*, 2021 WL 431451, at *2.

**SO ORDERED.**

**Dated:** May 25, 2023
New York, New York

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**